19-3603
*Auguste v. Garland*

BIA
A079 709 883

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges*.

_____

JEAN RENE AUGUSTE JUNIOR, a.k.a.
JEAN RENE AUGUSTE, JR.,

> *Petitioner*,

v.                                                              No. 19-3603

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Petitioner:**                          ALEXANDRA PERLOFF-GILES, Gibson, Dunn & Crutcher LLP, New York, NY (Andrea Sáenz, Meghan McCarthy, Brooklyn Defender Services, Brooklyn, NY; Mylan Denerstein, Doriel Jacov, Steven Spriggs, Gibson, Dunn & Crutcher LLP, New York, NY, *on the brief*).

**For Respondent:**                          MATTHEW A. SPURLOCK, Trial Attorney, Office of Immigration Litigation (Jeffrey Bossert Clark, Acting Assistant Attorney General, Civil Division; John S. Hogan, Assistant Director, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of a petition for review of a decision of the Board of Immigration Appeals (the "BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Jean Rene Auguste Junior, a native and citizen of Haiti, petitions for review of the BIA's decision reversing an order of an Immigration Judge ("IJ") granting him relief under the Convention Against Torture ("CAT"). *In re Jean Rene Auguste Junior*, No. A079 709 883 (B.I.A. Oct. 25, 2019), *rev'g* No. A079 709 883

(Immigr. Ct. N.Y.C. Dec. 21, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

When the BIA reverses an IJ's grant of relief, we treat the BIA's decision as the final agency determination. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's findings of fact for substantial evidence and conclusions of law de novo. *See Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

An applicant for relief under CAT has the burden to show that he would "more likely than not" be tortured in the proposed country of removal. *See* 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). The agency's regulations define "torture" as an "act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by[,] or at the instigation of[,] or with the consent or acquiescence of[,] a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (effective until Jan. 11, 2021). "[T]o constitute torture, an act must be specifically intended to inflict severe pain and suffering," and an

applicant must "provide some evidence of specific intent, direct or circumstantial." *Pierre v. Gonzales*, 502 F.3d 109, 119–20 (2d Cir. 2007) (internal quotation marks omitted).

Auguste asserts that the BIA erred in concluding that he failed to establish "a specific intent on the part of Haitian authorities to inflict severe pain or suffering" on him as a criminal deportee with mental illness. Certified Admin. Record at 5. But as we held in *Pierre*, "even suffering of the utmost severity cannot constitute torture unless it is specifically intended" by a government or its agent. 502 F.3d at 121. Here, the BIA noted that "[t]he record in its entirety reflects that the poor and squalid conditions in Haiti's prisons and mental health facilities are due to overcrowding, neglect, and a lack of resources," and rejected the IJ's reliance on Haitian society's "generalized stigma and cultural taboos . . . against the mentally ill and criminal deportees" as a "substitute for the requisite specific intent." Certified Admin. Record at 5. The BIA also pointed out that Haitian authorities have "attempted to ameliorate the general stigma against the disabled and criminal deportees" and "developed a strategic plan to better respond to inmate needs," *id.* at 5–6, which further supports the conclusion that neither the Haitian "government nor its agents have any specific intent to

4

cause" deportees like Auguste severe pain and suffering, *Pierre*, 502 F.3d at 121. On this record, we are not "compelled" to disagree with the BIA's conclusion that Auguste has failed to show that Haitian authorities possess a specific intent to torture him.   8 U.S.C. § 1252(b)(4)(B).

Although Auguste also argues that the BIA erred by (1) applying a heightened standard for relief under CAT, and (2) not "respect[ing]" the IJ's findings of fact, Auguste Br. at 19, we need not resolve those challenges here because they are ultimately of no moment.   Even assuming arguendo that the BIA erred by misapplying the standard for relief under CAT or engaging in improper factfinding, we can "confidently predict that the [agency] would reach the same decision absent the [alleged] errors" because the BIA was clear that its holding on specific intent was an independent basis for reversing the IJ.   *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 107 (2d Cir. 2006) (internal quotation marks omitted); *see also Martinez de Artiga v. Barr*, 961 F.3d 586, 591 (2d Cir. 2020) (explaining that we may deny a petition for review if we are "confident that the agency would reach the same result upon a reconsideration cleansed of [the alleged] errors"); Certified Admin. Record at 5.

We have considered Auguste's remaining arguments and find them to be without merit.   For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court